UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN A. DICESARI, | : |
|         Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ASSET ACCEPTANCE LLC | : Civil Action No.: |
| | |
| GORDON & WEINBERG, P.C. | : Jury of Eight (8) Jurors Demanded |
|         Defendants. | : |

**CIVIL ACTION COMPLAINT**

**A.  Jurisdiction and Venue**

1.  Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.  Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.  Parties**

3.  Plaintiff Lynn A. DiCesari is a natural person who resides at 5824 N. Marshall St., Philadelphia, PA 19120.

4.  Defendant Asset Acceptance LLC ("AA") is a corporation with principal offices at 28405 Van Dyke Avenue, Warren, MI 48090. AA regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6) and/or falls within the FDCPA as the buyer of defaulted debt.

5.  Defendant AA is a debt scavenger that specializes in buying portfolios of

defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect the full amount of via dedicated collection law firms, like Defendant G&W. AA often has no documentary proof to support the validity of the debts that it purchases and causes proliferation of groundless litigation with the expectation that financially distressed debtors will not have access to legal representation to combat the lawsuits on the merits.

      6.      Defendant Gordon & Weinberg, P.C. ("G&W"), is a corporation and law firm engaged solely in the business of debt collection in the Commonwealth of Pennsylvania with principal offices at 1001 E. Hector Street, Suite 220, Conshohocken, PA 19428. G&W regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

### C.    Factual Allegations

      7.      On or about March 31, 2010, defendant G&W sued plaintiff on behalf of AA in the Philadelphia County Court of Common Pleas, Docket No. 1003-06105 ("the collection lawsuit") based on plaintiff allegedly having incurred a debt with Chase Bank alegedly purchased by AA ( "the alleged debt").

      8.      On or about July 15, 2011, plaintiff filed preliminary objections to the collection action on grounds that there were insufficient documentary proofs to prove the debt and no written proof of assignment of the debt to defendant AA (see Ex. "A").

      9.      On or about August 26, 2011, plaintiff's preliminary objections to the collection lawsuit were granted by the Common Pleas Court (see Ex. "B").

10. Plaintiff incurred legal fees and expenses in defense of the collection action.

11. Upon information and belief, defendants filed the collection with knowledge or with reckless disregard of the truth of their ownership of the alleged debt solely for the purpose or ulterior motive of extorting money from plaintiff by a default judgment against plaintiff.

**D. Cause of Action**

### COUNT I - Violations of the Fair Debt Collection Practices Act (FDCPA)

11. The allegations above are re-alleged and incorporated herein by reference.

12. At all times relevant hereto Defendants were attempting to collect an alleged debt to it incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692f(1) attempted to collect a debt in a manner not permitted by law;

   b) §1692f used unfair or unconscionable means to collect a debt;

   c) §1692e(2), Gave a false or misleading representation of the status of the alleged debt which was uncollectible via legal process there being no proof of AA's ownership of the debt;

   d) §1692e(5), threatened to take actions with regards to the alleged debt which could not be taken because the alleged debt was uncollectible via legal process, including judgment threatened in the collection action complaint, there being no proof of AA's ownership of the debt.

### COUNT II.
### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) and PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

14. The allegations above are re-alleged and incorporated herein by reference.

15. Defendants are each a "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

16. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

17. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

18. Defendants knew or should have known that it had no legal proof of ownership of the alleged debt when it filed the collection action described above.

19. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a) and/or , 73 P.S. § 2270.4(b) as evidenced by the following conduct:

   a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   b) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

   c) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

   d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

   e) Attempting to collect any amount not authorized by agreement or permitted by law.

20. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

21. As a result of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

### COUNT III. - WRONGFUL USE OF CIVIL PROCEEDINGS

22. The allegations above are re-alleged and incorporated herein by reference.

23. Defendants filed the collection action against plaintiff knowing AA had insufficient proof of standing to collect the debt.

24. The collection action brought by Defendants against Plaintiff was ultimately decided in favor of the Plaintiff as described above.

25. Defendants thereby maliciously prosecuted the collection action in violation of 42 Pa.C.S.A. § 8351 and caused Plaintiff actual damages in the form of fees and costs to defend this action.

26. Plaintiff is entitled to actual and compensatory damages from Defendants for willfully initiating and continuing a wrongful civil action against her and thereby inflicting anxiety, fear, and emotional distress on Plaintiff, as more fully alleged herein.

27. At all times relevant hereto, Defendants commenced, continued and/or prosecuted the Collection lawsuit without probable cause.

28. At all times relevant hereto, Defendants commenced, continued and/or prosecuted the Collection litigation primarily for a purpose other than that of securing proper discovery, or adjudication of the claim in which the proceedings were based.

29. At all times relevant hereto, Defendants acted in a grossly negligent manner in commencing, continuing and/or prosecuting the Collection litigation.

30. At all times relevant hereto, by the commencement, continuation and prosecution of the Collection litigation Defendants acted maliciously and for the primary purpose of harassing Plaintiff into payment of the alleged debt for which defendants had no admissible evidence that plaintiff had any legal obligation to pay to AA.

31. Defendants are liable to Plaintiff for his losses, expenses and damages pursuant to 42 Pa.C.S.A. 8351 ct. seq., titled Wrongful Use of Civil Proceedings.

## COUNT III - EQUITY

32. The allegations above are re-alleged and incorporated herein by reference.

33. Plaintiff demands equitable relief in the form of defendant being ordered to delete from plaintiff's consumer reports any negative tradeline referring to the alleged debt being owed by plaintiff.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against defendants, individually and jointly and/or severally, for:

(a) Actual and compensatory Damages against defendant;

(b) Actual damages pursuant to 73 P.S.§ 201-9.2(a) against Defendant;

(c) Treble actual damages pursuant 73 P.S.§ 201-9.2(a) against Defendant;

(d) Costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a);

(e) Actual damages in the form of emotional distress and statutory damages in a sum to be determined for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

(g) Punitive damages;

(h) Equitable relief;

(i) Such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.


Dated: October 21, 2011      RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200

/s/ Matthew Weisberg
PROCHNIAK WEISBERG, P.C.
Matthew Weisberg, Esquire
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
Attorneys for Plaintiff