```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LYNN A. DICESARI,                       :
                                        :
              Plaintiff,                :    CIVIL ACTION
                                        :
       v.                               :    No. 11-CV-6815
                                        :
ASSET ACCEPTANCE LLC and                :
GORDON & WEINBERG, P.C.,                :
                                        :
              Defendants.               :
```

**MEMORANDUM AND ORDER**

**Joyner, C. J.**                                     **September 18, 2012**

## I.   BACKGROUND

This case arises from a dispute between Plaintiff Lynn A. Dicesari and Defendants Asset Acceptance LLC, a debt collection agency, and Gordon & Weinberg, P.C., a law firm.  According to Plaintiff, Defendant Gordon & Weinberg filed a complaint ("state court complaint") against Plaintiff on behalf of Defendant Asset Acceptance in the Philadelphia County Court of Common Pleas ("Court of Common Pleas") based on a debt allegedly incurred by the Plaintiff with Chase Bank that Asset Acceptance had allegedly purchased.  Plaintiff filed preliminary objections to the state court complaint ("preliminary objections") in the Court of Common Pleas on the grounds that the debt could not be proven, or proven to be assigned to Asset Acceptance.  (Ex. 1, Compl., Doc No. 1-1).  Neither Asset Acceptance nor Gordon & Weinberg filed a

response to the preliminary objections, and the Court of Common Pleas sustained the preliminary objections on August 26, 2011. (Ex. 2, Compl., Doc. No. 1-2).

Plaintiff's Amended Complaint contains four separate counts: Violations of the Fair Debt Collection Practices Act ("FDCPA") against both Defendants (Count I); Violations of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") and Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against Defendant Asset Acceptance (Count II); Wrongful Use of Civil Proceedings under 42 Pa.C.S.A. § 8351 ("Dragonetti Act") against both Defendants (Count III); and a claim in Equity to delete references to the alleged debt being owed by plaintiff from plaintiff's consumer reports (Count IV).  (Am. Compl., Doc. No. 10).

## II.  STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt., 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice.  Id.  Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation.  Great Western Mining & Mineral Co. V. Fox Rothschild LLP, 615 F.3d 159, 176 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 550 U.S. at 563.  "To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."  S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

### III.  DISCUSSION

#### A.  Plaintiff's FDCPA Claims

In Count I of the Amended Complaint, the Plaintiff alleges three separate FDCPA, 15 U.S.C. § 1692 et seq., violations. Plaintiff claims that Defendants violated subsection 1692e(2) by

giving "a false or misleading representation of the status of the alleged debt which was uncollectible via legal process based on defendants' false claim of AA owning or being owed the alleged debt," subsection 1692e(5) by "threaten[ing] to take the legal action of a money judgment against plaintiff upon defendants' false claim of AA owning or being owed the alleged debt," and subsection 1692f(1) by "attempt[ing] to collect a debt in a manner not permitted by law or by an agreement by plaintiffs with defendants."  (Am. Compl. ¶ 16, Doc. No. 10).  The Court will address each of these claims in turn.

    1.  § 1692e(2) Claim

Subsection 1692e(2) of the FDCPA prohibits a debt collector's false representation of "the character, amount, or legal status of any debt."  15 U.S.C. § 1692e(2).  Plaintiff alleges that the Defendants violated this subsection by misrepresenting the legal status of the debt in the state court complaint, namely, by falsely representing that Asset Acceptance owned the debt.  Defendants point to a decision out of the Sixth Circuit, and to district court cases that follow it, finding that a debt collector's filing of a complaint to collect a debt of which it cannot or does not prove the existence or ownership does not constitute a violation § 1692e(2).  (Defs. Mem. of Law in Supp. of Its Mot. to Dismiss at 4-5, Doc. No. 12); see Harvey v. Great Seneca Fin. Corp., 453 F.3d 324 (6th Cir. 2006) (holding

that pursuing a claim in court without presently adequate proof of claim does not violate § 1692e).  However, plaintiff debtor did not allege that anything in the state court complaint was false in any of these decisions that Defendants cite.  Plaintiff actively alleges that the Defendants falsely claim that they own or are owed the debt.  (Am. Compl. ¶ 16, Doc. No. 10).  That allegation renders this case more similar to the reasoning in two other district court cases.

In <u>Deere v. Javitch, Block, and Rathbone, LLP</u>, the district court rejected the proposition that filing a complaint without present proof of the debt constituted false representation in violation of the FDCPA.  413 F. Supp. 2 886, 891 (S.D. Ohio 2006).  However, the court noted that the FDCPA plaintiff "does not allege that anything in the state court complaint was false, or that the complaint was baseless.  She essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint."  <u>Id.</u>  And in <u>Kelly v. Great Seneca Financial Corp.</u>, the court denied defendant debt collector's motion to dismiss precisely because the plaintiffs did allege that defendants violated the FDCPA because "the amount and/or legal status of the debt was falsely represented in the complaint."  443 F. Supp. 2d 954, 961 (S.D. Ohio 2005).

Plaintiff's Amended Complaint alleges that Defendants falsely claimed that they owned or were owed the debt in

question, and taking that allegation as true, which the Court must for the purposes of a motion to dismiss, such an allegation of falsity is sufficient under § 1692e(2) to withstand a motion to dismiss.

### 2.  § 1692e(5) Claim

Subsection 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  Plaintiff alleges that Defendants violated this subsection by threatening to take the "legal action of a money judgment against plaintiff" upon the alleged falsely claimed debt. (Am. Compl. ¶ 16, Doc. No. 10).  Defendants argue that the state court complaint did not violate § 1692e(5), because they did not threaten to take action, but instead actually took action by filing the complaint. (Defs. Mem. of Law in Supp. of Its Mot. to Dismiss at 6, Doc. No. 12). Courts encountering situations analogous to this one have come down on both sides of whether conduct that is actually undertaken, and not just merely threatened, can support a claim under § 1692e(5).  See e.g., Fick v. American Acceptance Co., No. 11-229, 2012 WL 1074288, at *4 (N.D. Ind. Mar. 28, 2012) (holding that § 1692e(5) applies only to threats of illegal action, and not actual illegal action); Bradshaw v. Hilco Receivables, LLC, 765 F. Supp. 2d 719, 730 (D. Md. 2011) (interpreting § 1692e(5) to include taking illegal action).

This Court finds the reasoning of the courts finding that § 1692e(5) applies only to threats of illegal action to be persuasive. When interpreting a federal statute, "the role of the courts...is to give effect to Congress's intent." <u>Alston v. Countrywide Fin. Corp.</u>, 585 F.3d 753, 759 (3d Cir. 2009) (quoting <u>United States v. Diallo</u>, 575 F.3d 252, 256 (3d Cir. 2009)). "Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute." <u>Id.</u> Where the language of the statute is plain, "the sole function of the courts...is to enforce it according to its terms." <u>Khodara Environmental, Inc. v. Blakey</u>, 376 F.3d 187, 199 (3d Cir. 2004) (quoting <u>Lamie v. United States Tr.</u>, 540 U.S. 526, 534 (2004)). The plain language of § 1692e(5) extends only to threats of action that cannot legally be taken. Thus, this Court concludes that § 1692e(5) applies to threats to take action that cannot legally be taken, but not illegal actions that are actually taken. Because the Plaintiff only alleged an actual action taken - namely, the filing of the state court complaint - and points to no other threats of action, the Court dismisses Plaintiff's claim under § 1692e(5).

### 3. § 1692f Claim

Finally, Subsection 1692f prohibits using "unfair or unconscionable means to collect or attempt to collect any debt."

15 U.S.C. § 1692f.  § 1692f(1) prohibits "the collection of any amount...unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  The basis for Plaintiff's § 1692f claim is identical to the grounds for the § 1692e claims; namely, that the Defendants falsely claimed that they owned or were owed the debt in question in filing the state court complaint.  "§ 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically."  Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521, 528 (E.D. Pa. 1996).  While Plaintiff points to § 1692f(1) which appears to refer to collection of amounts greater than those owed, § 1692f provides that the specific provisions do not limit the general applicability of the proscription of unfair practices.  However, because the conduct that the Plaintiff alleges fits within another provision of the FDCPA, Plaintiff's § 1692f claim fails to state a claim upon which relief can be granted.  See Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (dismissing a claim under § 1692f because it did not identify improper conduct "beyond that which Plaintiffs assert violate other provisions of the FDCPA").  Therefore, the Court dismisses Plaintiff's claim under § 1692f.

In sum, the Court grants Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) with respect to Plaintiff's claims under

subsections 1692e(5) and 1692f of the FDCPA, but denies Defendant's Motion to Dismiss with respect to Plaintiff's claim under subsection 1692e(2).

### B.  Plaintiff's FCEUA and UTPCPL Claims

Plaintiff alleges violations of the FCEUA and UTPCPL against only Defendant Asset Acceptance in Count II of the Amended Complaint.  Specifically, Plaintiff incorporates the allegations made against Asset Acceptance in the FDCPA count and further alleges that Asset Acceptance "knew or should have known that it had no legal proof of ownership of the alleged debt when it filed the collection action described above," (Am. Compl. ¶ 21, Doc. No. 10), and Asset Acceptance's acts "constitute numerous and multiple violations of the FCEUA and UTPCPL."  (Id. at ¶ 22). Plaintiff points to two provisions of the FCEUA - 73 P.S. § 2270.4(a) and (b) - but does not point to any provisions of the UTPCPL.  (Id.)  The Court will address Plaintiff's allegations under each statute in turn.

#### 1.  FCEUA Claim

The FCEUA, 73 P.S. § 2270 et seq., regulates "unfair or deceptive acts or practices with regard to the collection of debts," 73 P.S. § 2270.2, and largely tracks the provisions of the FDCPA.  Under § 2270.4(a) of the FCEUA, a debt collector's violation of the FDCPA constitutes a per se violation of the FCEUA.  73 P.S. § 2270.4(a).  § 2270.4(b) applies to creditors,

and contains provisions that mirror those in the FDCPA. For example, § 2270.4(b)(5)(ii) prohibits a creditor from making a "false representation of the character, amount, or legal status of a debt," the same language as in § 1692e(2) of the FDCPA. Because this Court has found that Plaintiff states a claim precluding a motion to dismiss on her FDCPA § 1692e(2) claim, this Court cannot grant Defendant's Motion to Dismiss with respect to Plaintiff's FCEUA claims.

### 2. UTPCPL Claim

The UTPCPL, 73 P.S. § 201-1 et seq., "protects consumers of goods and services from unfair or deceptive trade practices or acts." Gardner v. State Farm Fire & Casualty Co., 544 F.3d 553, 564 (3d Cir. 2008). The statute lists twenty specifically prohibited practices, 73 P.S. § 201-2(4)(i)-(xx), and contains a catch-all provision that prohibits "[e]ngaging in any other fraudulent or deceptive act which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

However, with respect to debt collectors, a violation of the FCEUA also constitutes a violation of the UTPCPL. Subsection 2270.5(a) of the FCEUA states: "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of...the Unfair Trade Practices and Consumer Protection Law." 73 P.S. § 2270.5(a). The Defendants insist that the Court must reject

the Plaintiff's claim under the UTPCPL because "[t]his Court has repeatedly held that an alleged violation of the FCEUA does not state a claim for relief under the UTPCPL."  (Defs. Mem. of Law in Supp. of Its Mot. to Dismiss at 8 n.3, Doc. No. 12).  However, the statutory language clearly indicates the contrary, and other Judges within this district have found the same.  See Mergliano v. MGC Mortg., Inc., 11-2223, 2011 WL 5105440 at *3 (E.D. Pa. Oct. 26, 2011) ("With respect to debt collectors...in stating a claim for a violation of the FCEUA [a plaintiff] has also stated a claim for a violation of the Pennsylvania UTPCPL."); Richburg v. Palisades Collection LLC, 247 F.R.D. 457, 466 (E.D. Pa. 2008) ("Furthermore, the letter establishes UTPCPL liability because a violation of the FCEUA is also a violation of the UTPCPL.").

In sum, the Court denies Defendant's Motion to Dismiss with respect to Plaintiff's claim under subsections 2270.4(a) and (b) of Pennsylvania's FCEUA and her claim under the UTPCPL.

### C.  Plaintiff's Dragonetti Act Claim

In Count III, Plaintiff alleges that the underlying state court complaint violates the Dragonetti Act, a Pennsylvania state statute prohibiting wrongful use of civil proceedings.  (Am. Compl. ¶¶ 25-34, Doc. No. 10).  The elements of a Dragonetti Act claim are as follows:  "A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful

use of civil proceedings: (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) The proceedings have terminated in favor of the person against whom they are brought." 42 Pa.C.S.A. § 8351.

A critical element, therefore, is that the proceeding has been finally terminated in Plaintiff's favor. See Banner v. Miller, 701 A.2d 242, 247 (Pa. Super. Ct. 1997). "Whether withdrawal or abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought...depends on the circumstances under which the proceedings are withdrawn." Id. (quoting Rosenfield v. Pennsylvania Auto. Ins. Plan, 636 A.2d 1138 (Pa. Super. Ct. 1994)).

Here, the Plaintiff and Defendants dispute whether the underlying proceedings were finally terminated in Plaintiff's favor. Defendants assert that because the order sustaining the preliminary objections in the Court of Common Pleas does not specify "with prejudice" and because the Court of Common Pleas marked the dismissal "uncontested," such a dismissal cannot be with prejudice, and thus a final order.[1] (Defs. Mem. of Law in

---

[1] A more thorough recitation of the circumstances surrounding the dismissal is instructive. Plaintiff filed her preliminary objections to Defendants' state court complaint on July 15, 2011. After Defendants filed no response to the Plaintiff's preliminary objections, the objections were

Supp. of Its Mot. to Dismiss at 13-15, Doc. No. 12).  Plaintiff argues that the state court complaint was dismissed with prejudice.

It is not readily apparent to the Court whether the complaint was dismissed with or without prejudice.  However, by demonstrating that the complaint was dismissed and alleging that Defendants did not have standing to collect the debt, and thus did not have probable cause for the underlying state court lawsuit, Plaintiffs have pled sufficient facts to survive Defendants' Motion to Dismiss on the Dragonetti Act claim in Count III of the Amended Complaint.[2]

### D.  Plaintiff's Equity Claim

Count IV of Plaintiff's complaint seeks equitable relief. Specifically, Plaintiff "demands equitable relief in the form of defendant being ordered to delete from plaintiff's consumer reports any negative tradeline referring to the alleged debt being owed by plaintiff."  (Am. Compl. ¶ 36, Doc. No. 10).

---

sustained by Judge Paul Panepinto of the Court of Common Pleas on August 26, 2011.  Judge Panepinto signed the order sustaining the objections and stating that the complaint was dismissed.  The order was stamped "uncontested."  The order did not specify whether the state court complaint was dismissed with or without prejudice.  (Ex. 2, Compl., Doc. No. 1-2).  After this action was filed in federal court, the Defendants filed an Order to Discontinue without Prejudice.  (Ex. A, Def. Mot. to Dismiss, Doc. No. 11-1).

[2] The Court notes that if the time for filing a lawsuit for the underlying debt collection lawsuit has expired under the statute of limitations, the decision is final regardless of whether the complaint was dismissed with or without prejudice.  The applicable statute of limitations appears to be four years.  42 Pa.C.S.A. § 5525.  However, without development of the facts underlying the state court cause of action, the Court cannot determine whether this statute of limitations has run.

Defendants argue that this demand for equitable relief must be dismissed, because the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., governs the duties owed by a furnisher of information to credit reporting agencies, and the FCRA preempts any state law claims regarding negligent reporting of credit information.  (Defs. Mem. of Law in Supp. of Its Mot. To Dismiss at 17, Doc. No. 12).

To the extent that Plaintiff's complaint claims injunctive relief under the FDCPA or the FCRA, the claim must fail. "Injunctive...relief [is] not available to litigants acting in an individual capacity under the FDCPA." Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004).  And furthermore, the affirmative grant of power to pursue injunctive relief under the FCRA solely to the Federal Trade Commission (FTC) demonstrates that Congress did not contemplate individual litigants' pursuit of injunctive relief under the FCRA. Washington v. CSC Credit Servs., 199 F.3d 263, 268 (5th Cir. 2000); see also Weiss, 385 F.3d at 341) (citing with approval Washington v. CSC Credit Servs.).

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief under state law claims, the claim still must fail.  Defendants appear to be covered by FCRA subsection 1681s-2, which governs the responsibility of furnishers of information to credit reporting agencies.  15 U.S.C. § 1681s-2.

14

Specifically, the relief Plaintiff seeks appears to be governed by subsection 1681s-2(a)(1)(A): "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."  To the extent that Plaintiff seeks this injunction not under the FCRA, but under state law, the statute specifically states that § 1681s-2 preempts any state law claims relating to furnishers of information to credit reporting agencies.  15 U.S.C. § 1681t(b)(1)(F); see also Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 361 (E.D. Pa. 2001) ("[I]t is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.'").  Therefore, the Court grants Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) with respect to Plaintiff's claim in equity under Count IV.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as to the claims under subsections 1692e(5) and 1692f of the FDCPA in Count I, and to Count IV of the Amended Complaint.  The Court denies Defendants' Motion to Dismiss with respect to Plaintiff's claims under subsection 1692e(2) of the FDCPA in Count I, and to Counts

II and III of the Amended Complaint.